UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DERRICK M. JOHNSON; IMAM BILAL,

                      Plaintiffs,

          -against-

HENRY IKEZI; WASHINGTON EQUITY AND
FUNDING CORP.; CITY ABSTRACT, INC.,

                      Defendants.
-------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
20-CV-2792 (LDH)(CLP)

LaShann DeArcy Hall, United States District Judge:

       Plaintiffs Derrick M. Johnson and Imam Bilal,[1] proceeding *pro se*, bring the instant action in connection with the foreclosure of real property and subsequent eviction proceedings. Plaintiff Derrick Johnson's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

       Plaintiff Johnson is a longtime occupant and tenant of real property located at 121-03 Sutphin Blvd, Jamaica, New York (the "Property"). (Compl. 5, ECF No. 1.) Plaintiffs allege the Property is owned by a Mosque and/or a member of the Mosque. (*Id*. at 5-6.) They maintain that Plaintiff Johnson is a member of the Mosque's Islamic council led by Plaintiff Bilal. (*Id.*) According to the complaint, Defendants fraudulently closed upon the Property. (*Id*.) Plaintiffs

---

[1] The Court notes that although the initial complaint was purportedly brought by both Derrick M. Johnson and Imam Bilal, it was signed only by Derrick M. Johnson. Mr. Johnson cannot bring claims on behalf of Imam Bilal or represent him in this action. *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). By letter dated March 4, 2021, Defendants' counsel informed the Court that he advised Plaintiff of the signature defect. (ECF No. 12.). To remedy this issue, a second complaint was filed on March 10, 2021, with identical allegations, but this time signed by Plaintiff Imam Bilal. (ECF No. 16.) The Court now has two complaints — one bearing the signature of Plaintiff Johnson and the other of Plaintiff Bills. Because the complaints are otherwise identical the court will consider them as one.

allege that after a foreclosure auction in November 2019, they prepared and filed a title lien and mechanic's lien. (*Id.*) Months later, Defendants purportedly filed an eviction and closed on the new mortgage without satisfying the outstanding liens. (*Id.*) Plaintiffs further allege Defendants commenced an illegal eviction against the occupants and "in retaliation commenced another state lawsuit to intimidate [P]laintiff[s]." (*Id.* at 5.)

## STANDARD OF REVIEW

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised . . . by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a case "aris[es] under the Constitution, laws, or treaties of the United States," or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The former, known as "federal question jurisdiction," "may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

Relevant here, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Additionally, while *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

2

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A *pro se* plaintiff must also "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

**DISCUSSION**

**I.    Federal Question Jurisdiction**

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Cty. of Nassau, N.Y. v. Hotels.com, LP*, 577 F.3d 89, 91 (2d Cir. 2009). Pursuant to 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331).

Here, Plaintiffs' claims do not arise under the United States Constitution or the laws of the United States. Rather, Plaintiffs seek this Court's intervention in a dispute with Defendants regarding the foreclosure of their property. However, it is well settled that judgments of foreclosure are fundamentally matters of state law. *See, e.g., Worthy-Pugh v. Deutsche Bank National Trust*, 664 F. App'x 20, 21 (2d Cir. Oct. 18, 2016) (summary order) (a district court lacks jurisdiction to invalidate a foreclosure judgment); *Garvin v. Bank of N.Y.*, 227 F. App'x 7, 8 (2d Cir. 2007) (summary order) (same); *see also Hung v. Hurwitz*, No. 17-CV-4140, 2017 WL 3769223 at \*2 (E.D.N.Y. Aug. 29, 2017) ("to the extent plaintiff seeks to have the Court intervene in his dispute with defendants regarding any foreclosure, the Court is without jurisdiction to grant plaintiff the relief he seeks."); *Modica v. Eastern Savings Bank*, No. 14–CV–1384, 2014 WL 1775553, at \*2 (E.D.N.Y. May 2, 2014) (federal court lacks jurisdiction over

3

judgments of foreclosure, as they are "fundamentally matters of state law") (internal citation omitted); *Dockery v. Cullen & Dykman*, 90 F.Supp.2d 233 (E.D.N.Y. Mar. 30, 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud). And to the extent Plaintiffs seek the Court's intervention in a landlord-tenant proceeding, there is also no basis for federal jurisdiction as "federal courts, unlike state courts, have no jurisdiction over landlord-tenant matters." *Cain v. Rambert*, No. 13-CV-5807 (MKB), 2014 WL 2440596, at *3 (E.D.N.Y. May 30, 2014) (internal citations omitted); *see also Bey v. Jones*, No. 19-CV-2577 (RRM), 2019 WL 2028703, at *2 (May 8, 2019) ("the Court lacks federal question jurisdiction over [plaintiff's] state law claims in this landlord-tenant matter"); *Allied Manor Rd. LLC v. Berrios*, No. 17-CV-2277 (WKF), 2017 WL 5558650, at *1 (E.D.N.Y. Apr. 20, 2017) (same); *Abubakari v. Jianchao Xu*, No. 3:18-cv-00972 (JAM), 2018 WL 2971099, at *2 (D. Conn. June 12, 2018) ("Landlord-tenant disputes are ordinarily governed by state law, not federal law.").

Additionally, although Plaintiffs cite to violations of federal fraud, federal banking and mortgage or lending fraud, and due process violations, (*see*, *e.g.* Compl. 4.), none of these sources of law provide a basis for a colorable federal claim on the facts of this complaint. And, "[m]erely invoking the existence of some federal statute, without presenting facts or alleging a claim related to that statute, does not establish federal question jurisdiction." *Williams v. Long Beach Mortg. Co.*, No. 15-CV-5952, 2016 WL 5720810, at *7 (S.D.N.Y. Sept. 30, 2016) (citing *Chan Ah Wah v. HSBS Bank PLC*, No. 13-CV-4789, 2014 WL 2453304, at *2 (S.D.N.Y. June 2, 2014)); *Andrews v. Citimortgage, Inc.*, No. 14-CV-1534, 2015 WL 1509511, at *3 (E.D.N.Y. Mar. 31, 2015) (same).

## II.  Diversity Jurisdiction

Plaintiffs also fail to demonstrate subject-matter jurisdiction based on diversity of citizenship. Under 28 U.S.C. § 1332, federal courts may exercise jurisdiction over state law claims where the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). Such is not the case here, as Plaintiffs and Defendants are alleged to be citizens of New York. (Compl. 1-2.)

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3). In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant leave to amend the complaint, but finds that amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.,* 642 F.3d 121, 124–25 (2d Cir. 2011). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 22, 2021

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge